**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NANCY J. SMITH,

                                        Plaintiff,                          5:22-cv-00058
                                                                            (AMN/ML)

v.

TARGET CORPORATION,

                                        Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**MARK D. GORIS**                                   **MARK D. GORIS, ESQ.**
5 Mill Street
Cazenovia, New York 13035
Attorney for Plaintiff

**HURWITZ FINE P.C. -**
**BUFFALO OFFICE**                                  **JODY E. BRIANDI, ESQ.**
1300 Liberty Building                               **ANASTASIA M. MCCARTHY, ESQ.**
424 Main Street
Buffalo, NY 14202
Attorneys for Defendant

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On July 22, 2021, Nancy J. Smith ("Plaintiff") commenced this personal injury action

against Target Corporation ("Target" or "Defendant").  *See* Dkt. No. 2 (the "Complaint").[1]

Plaintiff seeks damages for injuries, pain, and suffering, resulting from a fall that occurred at a

---

[1] The Complaint was initially filed in the Supreme Court of New York, County of Onondaga.  Dkt.
No. 2.  Defendant filed a Notice of Removal with this Court on January 21, 2022.  Dkt No. 1.
Defendant removed this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1446(a).  *Id.* at ¶ 9.

store owned and operated by Defendant.  *See id.* at ¶¶ 3, 6, 11.[2]  Presently before the Court are Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, Dkt. No. 27 (the "Motion"), Plaintiff's response in opposition, Dkt. No. 30, and Defendant's reply thereto, Dkt. No. 31.

For the reasons set forth below, the Court grants Defendant's Motion and dismisses Plaintiff's Complaint with prejudice.

## II.    BACKGROUND[3]

Plaintiff is a citizen of the State of New York.  Dkt. No. 2 at ¶ 1.  Defendant is a retail corporation incorporated in the State of Minnesota with its principal place of business also in the State of Minnesota.  Dkt. No. 1 at ¶ 7.  Plaintiff seeks $500,000 in damages.  *See id.* at ¶ 5.

At approximately 11:48 a.m. on September 21, 2018, Plaintiff fell when her foot made contact with a merchandise display rack (the "Display Rack") in the infant section of a Target retail store located at 3657 West Genesee Street, Camillus, New York 13219 (the "Premises").  Dkt. No. 27-13 at ¶¶ 1, 2; Dkt. No. 30-1 at ¶¶ 1, 2.  Defendant asserts that "Plaintiff fell due to walking backward into a[n] [appropriately placed] stationary merchandise rack."  Dkt. No. 27-13 at ¶ 4.  Defendant contends that the video surveillance recording, which it submitted with the Motion, shows that the area in or around where Plaintiff fell was "clear of any unexpected or hidden obstacles, garbage or other tripping hazards."  *Id.* at ¶ 14.  Defendant further contends that

---

[2] Citations to Court documents utilize the pagination generated by CM/ECF docketing system and not the documents' internal pagination.

[3] Unless otherwise indicated, the following facts have been asserted by the parties in their Statement of Material Facts with accurate record citations, and expressly admitted or not denied with a supporting record citation in response, *compare* Dkt. No. 27-13 (Defendant's Rule 56.1 Statement of Material Facts), *with* Dkt. No. 30-1 (Plaintiff's Rule 56.1 Statement of Material Facts).

the video surveillance recording shows Plaintiff and other customers passing through the area where Plaintiff fell without any problems. *Id.* at ¶ 15. Defendant further notes that, at her deposition, Plaintiff acknowledged that she (i) was aware of and saw the merchandise racks; (ii) observed that merchandise racks were supported by a metal base at the bottom and that there were feet/wheels protruding from the base of the rack; (iii) knew she needed to navigate and walk around the merchandise racks; and (iv) understood that she needed to be careful to avoid bumping into those racks. Dkt. No. 27-13 at ¶ 16; Dkt. No. 30-1 at ¶ 16; Dkt. No. 27-5 at 41:14-18, 42:19-44:7.

Plaintiff disputes Defendant's assertion that she fell "due to walking backward into a stationary merchandise rack," and avers that she "was not walking backwards at the time of her fall, but, rather, pivot[ed] out of the way of defendant's employee . . .," J'Nazia Anderson ("Anderson"), when her heel hit the wheel of the Display Rack. Dkt. No. at 30-1 at ¶ 4, p. 3-4 at ¶¶ 1, 10. Plaintiff contends that she fell because the area around the Display Rack was "cramped," which required her to "step away" to give Anderson room while Anderson was holding up an outfit to show Plaintiff. *Id.* p. 3 at ¶ 8; *see* Dkt. No. 27-5 at 39:1-40:6. In addition to the area being "cramped," Plaintiff alleges that she fell because the base of the Display Rack was "sticking out." Dkt. No. 27-5 at 44:8-45:4; *see also* Dkt. No. 30-1 p. 3 at ¶¶ 2-5. Plaintiff also disputes that the "surveillance video . . . shows Plaintiff and other customers passing through the area where the incident occurred without any problems. . .," and avers that the "surveillance video shows other shoppers clipping the extended, exposed base and/or wheels of the racks in the infant section with their carts, as they navigate the aisles." Dkt. No. 30-1 at ¶ 15, p. 3 at ¶ 6.

The video surveillance shows, in relevant part, that at 11:44 a.m., approximately four minutes prior to Plaintiff's fall, Plaintiff was walking and pushing a shopping cart towards the Display Rack. Dkt. No. 27-9 at 00:01-00:20. Plaintiff stopped the cart and looked at merchandise

on the Display Rack. *Id.* at 00:21-00:40. Once Plaintiff was done looking at the merchandise, she walked past the Display Rack while pushing the shopping cart. *Id.* at 00:40-00:42. Next, Plaintiff turned the shopping cart around, walked past the Display Rack with the shopping cart, stopped to look at the merchandise on the Display Rack, and then turned around to look at merchandise on a clothing rack across from the Display Rack. *Id.* at 00:42-01:32. Shortly thereafter, Plaintiff left the area in or around the Display Rack. *Id.* at 01:43-01:45. Plaintiff maneuvered the shopping cart in or around the area of the Display Rack without incident. *Id.* at 00:01-01:45. Approximately two minutes later, Plaintiff returned to the infant section near the Display Rack, and noticed Anderson, who was standing in the aisle tending to merchandise on a rack across from the Display Rack. *Id.* at 03:31-03:41. Plaintiff stopped pushing the shopping cart and walked towards Anderson. *Id.* at 03:42-03:44. Plaintiff appears to be speaking and pointing to merchandise on the Display Rack while she walked past Anderson and towards the Display Rack. *Id.* at 03:44-03:45. As Plaintiff approached the Display Rack, she tripped, *id.* at 03:45-03:46, and fell backward, *id.* at 03:47-03:49.

It is undisputed that, because of Plaintiff's fall, she suffered an injury to her left wrist, *see* Dkt. No. 27-5 at 55:12-56:9, which required her to have surgery to place a metal plate and screws into her wrist, *id.* at a 57:21-58:7. Following surgery, Plaintiff required physical therapy for her left wrist. *Id.* at 59:6-11.

## III.   STANDARD OF REVIEW

Summary judgment is properly granted only if, upon reviewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir. 1993). A court first

determines "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). "When analyzing a summary judgment motion, the court 'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Galeotti v. Cianbro Corp.*, No. 5:12-cv-00900 (MAD/TWD), 2013 WL 3207312, at *4 (N.D.N.Y. June 24, 2013) (quoting *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36-37 (2d Cir. 1994)).

Defendant, in seeking summary judgment, "bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995) (citation omitted). To determine whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *accord Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002). A "material" fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [factfinder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir. 1997). The Court should "grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, speculative or not significantly probative." *Schwimmer v. Kaladjian*, 988 F. Supp. 631, 638 (S.D.N.Y. 1997) (citing, *inter alia*, *Anderson*, 477 U.S. at 249-50).

## IV.   DISCUSSION

### A.   Premises Liability Under New York Law

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). "In a [trip]-and-fall case,

the federal summary judgment standard differs from that of New York." *Espriel v. Starbucks Corp.*, No. 20 Civ. 10881 (NRB), 2023 WL 144439, at *4 (S.D.N.Y. Jan. 10, 2023) (internal quotation marks and citation omitted). "[I]n federal court, the absence of evidence at the summary judgment stage redounds to the detriment of the plaintiff, not the defendant." *Ghali v. Wal-Mart Stores E., LP*, No. 18-CV-2495 (CS), 2019 WL 1745704, at *4 (S.D.N.Y. Apr. 18, 2019). Thus, Plaintiff must point to some evidence to satisfy each essential element of her negligence claim and demonstrate that a genuine issue of material fact exists for trial to survive Defendant's summary judgment motion. *See Ricci v. Wal-Mart Stores E.*, LP, No. 16 CIV. 6920 (JCM), 2018 WL 4308556, at *5 (S.D.N.Y. Sept. 10, 2018) (citing, *inter alia*, *Celotex*, 477 U.S. at 322-24).

To establish a *prima facie* case of negligence under New York law, the plaintiff must demonstrate three elements: "(1) a duty owed by the defendant to the plaintiff; (2) a breach thereof; and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006). In the context of premises liability, "the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004) (citations omitted). Moreover, "a landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous." *Varon v. N.Y.C. Dep't of Educ.*, 123 A.D.3d 810, 811 (2d Dep't 2014) (citation omitted).

"[A] court is not precluded from granting summary judgment where a condition was both open and obvious and not inherently dangerous." *Niles v. 1109-1113 Manhattan Ave. Partners, LLC*, No. 13-CV-5427 (NGG)(VMS), 2015 WL 6674833, at *4 (E.D.N.Y. Oct. 30, 2015) (citation omitted). Although "the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious

as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence." *Saltz v. Wal-Mart Stores, Inc.,* 510 F. App'x 68, 69 (2d Cir. 2013) (summary order) (internal quotation marks and citation omitted).  A condition is open and obvious as a matter of law where it "could not be overlooked by any observer reasonably using his or her ordinary senses." *Garrido v. City of New York*, 9 A.D.3d 267, 268 (1st Dep't 2004) (citation omitted).  A condition's openness and obviousness "cannot be divorced from the surrounding circumstances," and an ordinarily apparent condition "may be rendered a trap for the unwary where the condition is obscured by crowds or the plaintiff's attention is otherwise distracted." *Mauriello v. Port Auth. of N.Y. and N.J.*, 8 A.D.3d 200, 200 (1st Dep't 2004) (citations omitted).  Conversely, an object or condition is inherently dangerous when "it requires special precautions at all times to avoid injury." *Joshi v. Walmart, Inc.*, No. 14-Civ-248 (ENV) (PK), 2016 WL 11472115, at *5 (E.D.N.Y. Aug. 16, 2016) (internal quotation marks omitted).  In assessing inherent dangerousness, courts "may consider factors including the inherent nature of the condition at issue, evidence of prior accidents, whether there is a statutory violation, the frequency of inspections, photographs depicting the condition, and expert testimony." *Chaney v. Starbucks Corp.*, 115 F. Supp. 3d 380, 386 (S.D.N.Y. 2015) (citations omitted).

Numerous courts applying New York law have found that display racks are open and obvious and not inherently dangerous conditions and have granted summary judgment to defendants.  *See, e.g., Matteo v. Kohl's Dep't Stores, Inc.*, 533 F. App'x 1, 2 (2d Cir. 2013) (summary order); *Silvestri v. Kohl's Dep't Stores, Inc.*, No. 19-cv-10550 (KMK), 2022 WL 2971988, *10 (S.D.N.Y July 27, 2022)*; Nannariello v. Kohl's Dep't Stores, Inc.*, 161 A.D.3d 1089, 1090 (2d Dep't 2018); *Kaufmann v. Lerner N.Y., Inc.*, 41 A.D.3d 660, 661 (2d Dep't 2007);

*Schwartz v. Kings Third Ave. Pharmacy, Inc.,* 116 A.D.3d 474, 475 (1st Dep't 2004); *Speirs v. Dick's Clothing & Sporting Goods, Inc.*, 268 A.D.2d 581, 582 (2d Dep't 2000).

### B.  The Display Rack Was Open and Obvious and Not Inherently Dangerous

Defendant principally argues that it is entitled to summary judgment because Plaintiff cannot meet her burden to establish that Defendant was negligent because the Display Rack was, as a matter of law, open and obvious and not inherently dangerous.  *See* Dkt. No. 27-14 at 6-17; Dkt. No. 31 at 5-12.  Moreover, Defendant contends that it "had no notice, actual or constructive, that any defect or danger existed such that it could, should, or would have anticipated and prevented . . . Plaintiff's fall."  Dkt. No. 27-14 at 6.  Plaintiff argues that the totality of the circumstances surrounding Plaintiff's fall (and not just the Display Rack) demonstrates that there is a question of fact as to whether the Display Rack was open and obvious and not inherently dangerous.  *See* Dkt. No. 30-2 at 6-12.  More specifically, Plaintiff contends that the nature and the design of the Display Rack, the confined area created by Defendant's positioning of the Display Rack, and the nature of Plaintiff's activity at the time of her fall "reveals the existence of a material question of fact."  *Id.* at 6-7.

Here, it is undisputed that Plaintiff fell because she tripped when she made contact with the wheel base of the Display Rack.[4]  Dkt. No. 27-13 at ¶¶ 1, 2; Dkt. No. 30-1 at ¶¶ 1, 2.  The video surveillance shows that Plaintiff tripped on the Display Rack as she walked past Anderson, who was standing in the aisle next to the merchandise rack diagonally across from the Display Rack.  Dkt. No. 27-9 at 03:31-03:49.  At her deposition, Plaintiff testified that she fell because she

---

[4] Although the parties dispute the manner in which Plaintiff fell, whether Plaintiff walked backwards into the Display Rack, *see* Dkt. No. 27-13 at ¶ 4, or whether she fell because "she pivot[ed] out of the way of defendant's employee," Dkt. No. 30-1 p. 3 at ¶ 1, these disputes are irrelevant for determining whether the Display Rack was open and obvious and not inherently dangerous.

stepped backwards to create distance between herself and Anderson, who was holding up and showing merchandise to Plaintiff. *See* Dkt. No. 27-5 at 37:4-40:6. Plaintiff's testimony is inconsistent with the video surveillance.[5] In or around the time of Plaintiff's fall, at no point does Anderson, or anyone for that matter, hold up any merchandise to show Plaintiff. *See generally* Dkt. No. 27-9. Moreover, the video surveillance shows that Plaintiff walked past Anderson towards the Display Rack without bumping into or needing to pivot past Anderson. *Id.* at 03:44-03:45.

Additionally, the video surveillance shows that the area in or around the Display Rack was free from any tripping or dangerous hazards. *See generally id.* Indeed, a few minutes before her fall, Plaintiff was looking at merchandise on the Display Rack and was able to maneuver a shopping cart in or around that area without incident. *Id.* at 00:01-01:45. Plaintiff also testified that she was aware of and saw the merchandise racks, and that she observed that they were supported by a metal base at the bottom and that there were feet/wheels protruding from the base of the rack. *See* Dkt. No. 27-13 at ¶ 16; Dkt. No. 30-1 at ¶ 16. Moreover, Plaintiff does not assert that she was unable to see the Display Rack prior to falling over. *See, e.g.*, *Matteo*, 533 F. App'x at 3 (affirming grant of summary judgment in Defendant's favor where Plaintiff did not assert that the display rack he tripped over was obscured from view). Thus, "Plaintiff's unobstructed view of the [Display Rack] and ability to easily move around it prior to [her fall] renders the [Display Rack] an open and obvious condition, which is therefore not inherently dangerous." *Menkes v. Target Corp.*, No. 22-CV-308 (MKB), 2023 WL 4902744, at *4 (E.D.N.Y. July 31, 2023).

---

[5] The Court notes that Plaintiff's Statement of Additional Material Facts includes a different rendition of the facts surrounding her fall, which is more consistent with the video surveillance recording. Dkt. No. 30-1 p. 3 at ¶¶ 7-10.

Viewing the evidence in light most favorable to Plaintiff and drawing all justifiable inferences in her favor, the Court cannot conclude that a question of material fact exists as to whether the Display Rack was open and obvious and not inherently dangerous. The video surveillance, which clearly depicts Plaintiff's fall, is devoid of any indication that the Display Rack, or the base of the Display Rack, was a hazardous or dangerous condition created by Defendant. *See generally* Dkt. No. 27-9. Plaintiff has not proffered any evidence to refute the video surveillance evidence. Instead, Plaintiff has only put forth "conclusory allegations, conjecture and speculation . . . [which] are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). As a result, Plaintiff has failed to meet her burden to establish a *prima facie* case of negligence against Defendant.

Because the Display Rack is both open and obvious and not inherently dangerous, the Court need not reach the issues of whether the Defendant had actual or constructive notice of an inherently dangerous condition, or whether the Plaintiff was the sole proximate cause of her injury. *Bennet v. Target Corp.*, 2:16-cv-5816 (ADS) (SIL), 2019 WL 7556361 at *11 (E.D.N.Y Jan. 2, 2019) (citation omitted). Accordingly, Defendant's motion for summary judgment is granted.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion for summary judgment, Dkt. No. 27, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 2, is **DISMISSED** with prejudice; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:   September 13, 2023
            Albany, New York

Anne M. Nardacci
U.S. District Judge